CAROLINE WOOD, guardian, &c.,

*v.*

ROBERT A. PRICE et al.

[Decided August 2d, 1910.]

1. On a petition of the wife of a mortgagor to have the surplus left after foreclosure held to answer a writ of sequestration issued in her pending suit for alimony, and to secure her inchoate right of dower, where the surplus was claimed both by a purchaser of the husband and a judgment creditor, evidence of the proceedings in the suit by the wife against the husband was competent against both purchaser and creditor to show that such a proceeding was pending, but not to prove the truth of the allegations therein.

2. Where the wife of a mortgagor who has brought suit for alimony is after foreclosure entitled to subject the surplus to her inchoate right of dower, she is entitled to have one-third of it reserved, even though the mortgagor's judgment creditor has levied on such surplus.

On petition of Alice C. Price to have surplus money held to answer writ of sequestration and to secure her inchoate right of dower in the mortgaged premises.

*Mr. Charlton A. Reed,* for the petitioner, Alice C. Price.

*Messrs. Vreeland, King, Wilson & Lindabury,* for the respondents, Martha E. Struble and Jacob C. Price.

PITNEY, CHANCELLOR.

Pending the determination of the petition of Jacob C. Price, to have the surplus money in this cause paid to him as purchaser of the equity of redemption from the mortgagor, Mrs. Price, the wife of the mortgagor, filed her present petition praying that the money paid into court by the sheriff in excess of the amount due to Martha E. Struble, defendant, a judgment

creditor, should be held to answer any order which might be made in Mrs. Price's pending suit for alimony against her husband, Robert A. Price, the mortgagor, pursuant to the command of a writ of sequestration issued in that proceeding; and also praying that one-third of the whole amount of the surplus money might be impounded to secure Mrs. Price's inchoate right of dower.

Upon the filing of this petition an order was made requiring Martha E. Struble and Jacob C. Price to show cause why the relief prayed should not be granted to Alice C. Price, the petitioner. Upon the return of the order to show cause, Mrs. Struble and Jacob C. Price appeared, and the matter has been heard before me upon proofs taken *viva voce* in open court. Besides the testimony of witnesses, there were introduced in evidence all the original files and proceedings in the main foreclosure suit, including the pleadings, proofs, decree, writ of *fieri facias,* return, &c., the petition of Jacob C. Price for surplus money, and the orders made and testimony taken thereon; a previous petition of Alice C. Price respecting the surplus money, and the proceedings thereon; also all the proceedings and files in the pending suit of Alice C. Price on her bill for alimony, including the writ of sequestration and return thereof, and all other papers and proceedings therein.

Objection was taken to the introduction in evidence of the proceedings in the alimony suit, on the ground that they were not evidential as against Martha E. Struble and Jacob C. Price. They were admitted, however, not as tending to prove the truth of the averments made by Alice C. Price against her husband in the proceeding, but only for the purpose of showing that such a proceeding is pending, the nature and object of it, and what has been done in it by virtue of the issuing and execution of a writ of sequestration to fix a lien upon the mortgaged premises and upon the surplus money arising from the sale thereof.

Jacob C. Price's petition has now been disposed of by denying his prayer to have the surplus money presently paid to him as purchaser, but reserving his rights as against all other parties than Mrs. Price. The decision was that by the writ of sequestra-

tion issued in the alimony suit, and by the execution of that writ upon the mortgaged premises, a lien was secured in favor of Mrs. Price prior to the claim of Jacob C. Price as purchaser; and that Mrs. Price's lien is transferred to the surplus money; besides which she is entitled to have her inchoate right of dower protected.

By the final decree in the main cause, and by an order subsequently made under date April 12th, 1909, disposing of Mrs. Price's previous petition herein, it was established that Martha E. Struble, as judgment creditor, was entitled to a lien upon the mortgaged premises next after the first mortgage of Caroline Wood, guardian, the complainant; and by the order just mentioned the sheriff was required to pay to Mrs. Struble the amount directed to be paid to her by the final decree and the execution issued thereon, less the sum of $72 which had been paid to her on account of her judgment on June 15th, 1908, and before the final decree.

Prior to this order of April 12th, however, the sheriff had paid into court all the proceeds of sale that remained after satisfying the complainant's mortgage, with interest and costs. The money thus paid in, and to which Mrs. Price's petition is addressed, is $5,260.34. The date of payment into court was April 5th, 1909.

The amount due upon this date on Mrs. Struble's judgment is shown by the following statement:

| | | |
|---|---:|---:|
| Amount of judgment as established by final decree ........................ | $2,519 06 | |
| Interest, July 10th, 1908, to April 5th, 1909, at six per cent................ | 111 39 | |
| Costs .............................. | 7 56 | |
| Interest, July 20th, 1908, to April 5th, 1909, at six per cent................ | 32 | |
| | $2,638 33 | |
| Deduct, as per order of April 12th, 1909, | 72 00 | |
| | | $2,566 33 |

The amount just stated, with accumulations of interest thereon from April 5th, 1909, as computed according to the rules of this court, should be paid to Mrs. Struble.

Out of the .residue of the money paid into court, Mrs. Price is entitled to have reserved one-third of the entire sum of $5,-260.34 (for of course her inchoate right of dower is not affected by Mrs. Struble's judgment), and such one-third, or $1,753.45, should be held to secure Mrs. Price's dower, so that in case she survives her husband she may receive the income thereof during the remainder of her life.

But the entire amount of money that was paid into court by the sheriff, after deducting therefrom the amount due to Mrs. Struble, is subject to the process of sequestration issued in Mrs. Price's alimony suit.

The order will be, therefore, that the sum of two thousand five hundred and sixty-six dollars and thirty-three cents ($2,-566.33), with accumulations from April 5th, 1909, be paid to Mrs. Struble in satisfaction of her judgment; and that the residue of the money paid into court by the sheriff, such residue amounting to two thousand six hundred and ninety-four dollars and one cent ($2,694.01), be transferred to the credit of the alimony suit, to be there treated as subject to the writ of sequestration and the proceedings thereunder; reserving, however, Mrs. Price's right to have $1,753.45 out of this money retained to secure her right of dower in the event of her surviving her husband, and reserving Jacob C. Price's rights as against all other parties than Mrs. Price.